## STEWARD DAVIT & EQUIPMENT CORPORATION v. WELIN DAVIT & BOAT CORPORATION.

(District Court, E. D. New York. May 12, 1924.)

**Injunction ⬤⟾55—Representations to third parties that plaintiff infringes on patent right not enjoined.**

Injunction will not issue to restrain one from representing to persons with whom plaintiff is doing business that plaintiff is infringing his patent rights, under a complaint charging but a single transaction, whereby plaintiff lost contract by reason of representation complained of.

In Equity. Bill by the Steward Davit & Equipment Corporation against the Welin Davit & Boat Corporation. On motion for an order dismissing bill of complaint for want of equity. Motion granted.

W. Lee Helms, of New York City, for plaintiff.

White & Case, of New York City (Vermont Hatch, of New York City, of counsel), for defendant.

GARVIN, District Judge. This is a motion for an order dismissing the bill of complaint for want of equity. The bill alleges that this is a suit in equity for unfair competition; the parties being citizens of different states, the amount in controversy exceeding the sum of $3,000, and the alleged acts of infringement having been committed in the Eastern district of New York, where defendant has a place of business.

The bill then sets forth that on or about September 18, 1923, plaintiff was requested by the Sun Shipbuilding & Dry Dock Company (which will be referred to for convenience as the Sun Company) to submit a design for a davit suitable for certain barges which the Sun Company was then constructing for the Standard Transportation Company of New York (hereinafter designated as the Standard Company). It is then alleged by the bill that plaintiff submitted to the Sun Company a davit design, which was approved by that company and by the Standard Company likewise; that plaintiff was asked to and did submit bids to the Sun Company for the construction of davits in accordance with plaintiff's design, which was known as "Steward Davit Design S 603"; that defendant, learning of the said submission of bids by plaintiff, knowingly, maliciously, and in unfair competition with plaintiff, and to plaintiff's damage, represented to the Sun Company and others that plaintiff's said design for davits could not be used, for the reason that it embodied a structure covered by patents owned by defendant, that any davits supplied to the Sun Company would infringe said patents, and that any davits built and applied to the barges of the Standard Company could not be used by the latter without liability to the defendant; that these representations were false, to the knowledge of defendant; that thereby the Sun Company was induced to refuse the bids for the construction and supply of plaintiff's said davits to the Sun Company, and to award to defendant a contract for davits made by defendant; that, except for said false representations, plaintiff's bid would have been accepted by the Sun Company.

⬤⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The relief demanded is: (a) An injunction enjoining and restraining the defendant and those connected with it from directly or indirectly interfering with plaintiff's trade, by charging that davits of its given design would infringe the patent enumerated. (b) An accounting for all profits of the defendant gained through its unfair competition and for all damages sustained by plaintiff, which sums the plaintiff asks be multiplied by three. (c) Such other and further relief as the plaintiff may be entitled to or require.

The only act alleged by the bill of complaint is the false representation to the Sun Company that a certain design of davit submitted to that company by plaintiff would infringe defendant's patent. Plaintiff relies upon Emack v. Kane (C. C.) 34 Fed. 46, and later authorities of a similar nature. That case disclosed a defendant who published and sent to plaintiff's customers circulars disputing the validity of a patent under which plaintiff made and sold slates, and threatening suits against plaintiff's customers because of infringement of plaintiff's patent rights. That was held to be unfair competition, and defendant was enjoined from continuing such a course of conduct.

The case of Kidd v. Horry (C. C.) 28 Fed. 773, and others which follow its reasoning, hold that the court will not issue an injunction to restrain the publication of a libel. That is, in effect, what plaintiff seeks in the case at bar. There are no actual facts pleaded to show that defendant did anything more than to claim, in one instance, that plaintiff was infringing upon defendant's patent right.

It is true the bill alleges that the representations were made to the Sun Company and others, but a careful reading of the bill seems to indicate, nevertheless, that but the single transaction is the subject of complaint. It would seem that such an issue should be tried by a jury. In this circuit it has been held in American Malting Co. v. Keitel, 209 Fed. 351, 126 C. C. A. 277, that the cases in which such a jurisdiction —i. e., to issue injunctions—has been assumed have been those which have involved conspiracy, intimidation, or coercion.

This case would seem to require the court to hold that the instant action, which presents neither conspiracy, intimidation, nor coercion, as disclosed by the bill of complaint, presents no state of facts giving the court power to grant equitable relief. If these conclusions are correct, the motion must be granted.